UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PERRY,

                Petitioner,

                                  CASE NO. 5:08-CV-11350
v.                               HONORABLE JOHN CORBETT O'MEARA

DEBRA SCUTT,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.      Introduction**

Christopher Perry ("Petitioner"), a Michigan prisoner currently confined at the G. Robert

Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging his criminal sentence.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary

consideration, the Court determines that the petitioner is not entitled to relief, the court must

summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(district court has the duty to "screen out" petitions that lack merit on their face). A federal

district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears

from the face of the petition and any attached exhibits that the petitioner is not entitled to federal

habeas relief.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d

434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No

response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit,

or where the necessary facts can be determined from the petition itself without consideration of a

response from the State.  *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524,

525 (E.D. Mich. 2005).  After undertaking the review required by Rule 4, the Court denies the

petition for writ of habeas corpus.  The Court also denies a certificate of appealability and leave

to proceed on appeal *in forma pauperis*.

## II.     Facts and Procedural History

Petitioner states that he pleaded guilty to armed robbery in exchange for the dismissal of

conspiracy, assault, and habitual offender charges, and was sentenced to 81 to 135 months

imprisonment in the Kent Count Circuit Court in 2006.  Petitioner filed a delayed application for

leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the

grounds presented.  *See People v. Perry*, No. 276588 (Mich. Ct. App. April 2, 2007)

(unpublished).  Petitioner filed an application for leave to appeal with the Michigan Supreme

Court, which was denied.  *See People v. Perry*, 479 Mich. 867, 735 N.W.2d 234 (2007).

Petitioner has now submitted a federal petition for writ of habeas corpus, asserting that

the state trial court erred in scoring a North Carolina breaking and entering conviction as a high

severity offense under PRV1.

**III. Analysis**

**A. Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable
>       application of, clearly established Federal law, as determined by the
>       Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination
>       of the facts in light of the evidence presented in the State court
>       proceeding.

28 U.S.C. §2254(d) (1996).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether

the state court's decision comports with clearly established federal law as determined by the

Supreme Court at the time the state court renders its decision. *See Williams v. Taylor*, 529 U.S.

362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d)

"does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness*

of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court

decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of

"clearly established law" are to be determined solely by the holdings of the Supreme Court, the

decisions of lower federal courts are useful in assessing the reasonableness of the state court's

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

In this case, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. Accordingly, this Court must conduct an independent review of the state court decision. *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

**B.      Sentencing Claims**

Petitioner asserts that he is entitled to habeas relief because the trial court erred in scoring a North Carolina breaking and entering conviction as a high severity offense under PRV1. Petitioner claims that scoring the conviction as a low severity offense would have resulted in a lower sentencing guideline range.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner challenges the scoring of her sentencing guidelines under state law, she is not entitled to relief from this Court. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal

4

habeas relief can be granted.  *See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53 (6ᵗʰ Cir. 2003)

(unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook v. Stegall*,

56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Any error in departing above the guideline range

does not merit federal habeas relief.  State courts are the final arbiters of state law and the

federal courts will not intervene in such matters.  *See Lewis v. Jeffers*, 497 U.S. 764, 780

(1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6ᵗʰ Cir. 1987).  Petitioner's sentence is within the

statutory maximum.  *See* Mich. Comp. L. § 750.529.  Petitioner has failed to state a claim upon

which federal habeas relief may be granted as to this issue.

      Petitioner also seems to assert that the trial court relied upon inaccurate information in

sentencing him.  A sentence may violate due process if it is carelessly or deliberately

pronounced on an extensive and materially false foundation which the defendant had no

opportunity to correct.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United*

*States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6ᵗʰ

Cir. 1990) (defendant must have a meaningful opportunity to rebut contested information at

sentencing).  To prevail on such a claim, the petitioner must show that the trial judge relied

upon the allegedly false information.  *See United States v. Polselli*, 747 F.2d 356, 358 (6ᵗʰ Cir.

1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).  Petitioner has made no such

showing.  Petitioner has not shown that the trial court relied upon materially false or inaccurate

information in imposing his sentence – nor has he shown that he was denied an opportunity to

correct perceived errors in the record.  Conclusory allegations, without evidentiary support, do

not provide a basis for habeas relief.  *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6ᵗʰ Cir.

1998).  Habeas relief is not warranted on this issue.

Lastly, Petitioner seems to raise a Sixth Amendment challenge to the trial court's sentencing procedure. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 232 (2005). Petitioner cites *Blakely* and *Booker* in his pleadings.

This claim lacks merit. The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006); *accord People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006). Habeas relief is not warranted.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal

habeas relief on the sentencing claims contained in his petition.  Accordingly, the Court

**DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas

claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the district court's assessment of the constitutional claim

debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner

satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003).  In applying this standard, the court may not conduct a full merits review, but must

limit its examination to a threshold inquiry into the underlying merit of the claims.  *Id*. at 336-

37.

A district court, in its discretion, may decide whether to issue a certificate of

appealability ("COA") at the time the court rules on the habeas petition or may wait until a

notice of appeal is filed to make such a determination.  *See Castro v. United States*, 310 F.3d

900, 903 (6th Cir. 2002).  Having considered the matter, the Court concludes that Petitioner has

not made a substantial showing of the denial of a constitutional right as to his habeas claims.

The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be allowed to proceed on appeal *in forma pauperis* as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court also **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**.


s/John Corbett O'Meara
United States District Judge


Date:  April 11, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 11, 2008, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager